UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| DAVID MCDOWELL, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Cause No. 2:14-cv-466 |
| CARROLL COUNTY, IN, and PATRICK CLAWSON, in his personal and official capacities, | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion to Strike Affirmative Defenses [DE 11] filed by the plaintiff, David McDowell, on March 13, 2015. For the following reasons, the motion is **GRANTED**.

*Background*

On December 24, 2014, the plaintiff, David McDowell, filed his Complaint, which alleged violations of the First and Fourteenth Amendments to the U.S. Constitution and sought relief under the Civil Rights Act of 1871, 42 U.S.C. § 1983. On January 1, 2008, McDowell was hired as the Director of the Carroll County Emergency Management Agency (EMA). McDowell has alleged that the EMA was an agency established under the laws of the State of Indiana.

McDowell has claimed that he signed one year employment contracts to remain the Director of the EMA in 2009, 2010, 2011, and 2012, and that the contracts required thirty days written notice of termination. McDowell's contract was not renewed for 2013. He has alleged that his termination deprived him of a property interest without due process rights under the Fourteenth Amendment. Additionally, he has claimed that the defendant, Patrick Clawson, made

false, stigmatizing, and inflammatory public comments that have prevented him from pursuing his chosen occupation and have deprived him of a liberty interest under the Fourteenth Amendment. Last, he has argued that the defendants terminated his contract because of his political affiliation in violation of the First Amendment.

In their Answer, the defendants pled nine affirmative defenses. McDowell has requested the court to strike the third, fourth, fifth, seventh, eighth, and ninth affirmative defenses. The affirmative defenses are listed as follows:

> 3. The allegations in Plaintiff's Complaint against these Defendants fail to state a claim upon which relief may be granted.
> 4. To the extent that Plaintiff seeks to hold the individual defendant liable under Indiana State Law, he is generally immune for losses which occur within the scope and course of his employment under the Indiana Tort Claims Act, I.C. § 34-13-3-5.
> 5. To the extent that Plaintiff seeks to hold the individual defendant liable under Indiana State Law, he is generally immune for a loss which results from the performance of a discretionary task under I.C. § 34-13-3-3(7).
> 7. To the extent that Plaintiff's Complaint seeks punitive damages against Defendants, these claims are barred under the Indiana Tort Claims Act as punitive damages may not be recovered against Defendants, because at all relevant times Patrick Clawson was acting within the scope and course of his employment as an employee of a governmental entity. I.C. § 34-13-3-4(b).
> 8. These Defendants are otherwise immune under the Indiana Tort Claims Act, specifically I.C. § 34-13-3-3.
> 9. These Defendants reserve the right to plead additional affirmative defenses as they become known to them.

The defendants did not respond to this motion.

*Discussion*

Federal Rule of Civil Procedure 12(f) states that "the court may strike from a pleading any . . . redundant, immaterial, impertinent, or scandalous matter." Motions to strike generally are disfavored, although they may be granted if they remove unnecessary clutter from a case and expedite matters, rather than delay them. ***Heller Fin., Inc. v. Midwhey Powder Co., Inc.***, 883

F.2d 1286, 1294 (7th Cir. 1989); ***Doe v. Brimfield Grade School***, 552 F. Supp. 2d 816, 825 (C.D. Ill. 2008).  The decision whether to strike material is within the discretion of the court.  ***Talbot v. Robert Matthews Distrib. Co.***, 961 F.2d 654, 665 (7th Cir. 1992).  "Affirmative defenses will be stricken only when they are insufficient on the face of the pleadings."  ***Heller***, 883 F.3d at 1294.

First, McDowell has requested the court to strike the defendants' third affirmative defense.  The third affirmative defense alleged that McDowell's Complaint failed to state a claim upon which relief could be granted.  "Failure to state a claim" is a recognized defense, but it is not an affirmative defense because it does not assume that the allegations of the Complaint are true and then articulate a separate reason why the defendant is not liable.  ***Cottle v. Falcon Holdings Mgmt., LLC***, 2012 WL 266968, at *3 (N.D. Ind. Jan. 30, 2012).  The defendants did not explain how McDowell failed to state a claim, but rather, provided an insufficient bare bone legal assertion.  *See **Cottle***, 2012 WL 266968 at *3 (striking a "failure to state a claim" defense because the defendant did not provide any allegations to show how the plaintiff failed to state a claim).  Therefore, the court **STRIKES** the defendants' third affirmative defense.

Next, McDowell has requested the court to strike the defendants' fourth, fifth, seventh, and eighth affirmative defenses.  Each defense is based on the Indiana Tort Claims Act.  Indiana's Tort Claims Act bars claims against political subdivisions unless notice is filed with the governing body of that political subdivision within 180 days of the loss.  ***Estate of Connor v. Ambrose***, 990 F. Supp. 606, 617 (N.D. Ind. 1997); IND. CODE § 34-13-3-8.  McDowell has brought a Section 1983 action that is based on violations of his due process rights under the First and Fourteenth Amendments.  Indiana's Tort Claims Act, a notice-of-claim statute, does not apply to federal Section 1983 actions.  ***Estate of Connor***, 990 F. Supp. at 617; *see **Felder v.***

*Casey*, 487 U.S. 131, 134, 108 S. Ct. 2302, 2304–05, 101 L. Ed. 2d 123 (1988). "This is because § 1983 was intended to provide a federal remedy, independently enforceable whether or not it duplicates a parallel state remedy." *Craig v. Witucki*, 624 F. Supp. 558, 559 (N.D. Ind. 1986) (quoting *Wilson v. Garcia*, 471 U.S. 261, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985)). Therefore, the court **STRIKES** the fourth, fifth, seventh, and eighth affirmative defenses because they do not apply to McDowell's federal Section 1983 claims.

Last, McDowell has requested the court to strike the defendants' ninth affirmative defense. The ninth affirmative defense reserved the right to plead additional affirmative defenses. A reservation to plead additional affirmative defenses is not an affirmative defense. Moreover, the parties may amend their pleadings pursuant to Federal Rule of Civil Procedure 15. Therefore, the court **STRIKES** the ninth affirmative defense because it is not an affirmative defense.

For the foregoing reasons, the Motion to Strike Affirmative Defenses [DE 11] is **GRANTED**.

ENTERED this 7th day of May, 2015.

/s/ Andrew P. Rodovich
United States Magistrate Judge